No. 1,588.

JULES MERCIER, v. MILTON A. LEWIS, AUGUST HEMME, Respond-
ENTS, AND THE EXECUTORS OF GEORGE W. SEATON, deceased,
APPELLANTS.

PLEADING.—A party who seeks relief must himself state the facts upon which he
relies; failing in this, he cannot derive benefit from a cross bill which states
another and different cause of action in his behalf.
FRAUD.—An allegation of actual fraud is not sustained by proof of a mistake.
MISTAKE.—FRAUD.—It is not true, as a legal proposition, that a mistake is con-
structive fraud.

APPEAL from the District Court of the Fourth District,
City and County of San Francisco.

The case is stated in the opinion.

*S. O. Houghton,* for Appellants.

The demurrer of the defendant, Seaton, to the cross bill
of the defendants, Mercier and Lewis, should have been
sustained.

It does not appear from said cross bill that either Lewis
or Hemme had any interest in the property described in the
complaint; on the contrary, it is shown thereby that they
had sold and conveyed, long before the commencement of
this action, all their respective interests therein.

If it be true, as set up in the cross bill, that a mistake
was made in drawing the deed from Lewis to Hemme, and
a greater interest was thereby conveyed to Hemme than was
intended by the parties, and George W. Seaton purchased
of Hemme with notice of that mistake, Mercier, in a proper
proceeding, can recover from Seaton's heirs whatever part
was conveyed by said deed in excess of what it was intended
by the parties to convey. If there was a mistake in the
description in that deed it does not affect any right of either
Lewis or Hemme, nor can they maintain any action against
the Seatons in consequence thereof.

The matters set up in their cross bill do not entitle them
to any relief against the plaintiff, nor against their co-
defendants, the Seatons, nor do they ask any relief in their
own behalf, but they do ask that the deeds from Lewis to

Hemme, and from Hemme to George W. Seaton, be reformed and corrected ; not to afford them any relief, but for the benefit of the plaintiff.

If the facts set up in this cross bill were set up in a complaint in an action instituted by Lewis and Hemme against the Seatons, a general demurrer thereto would unquestionably be sustained, and there can be no doubt of the correctness of the proposition that a cross bill filed by a defendant must state facts sufficient to constitute a cause of action as fully as they are required to be stated in a complaint. It is in effect a complaint, although filed by a defendant.

*B. S. Brooks*, for Respondent.
*Bishop & Gerald*, of Counsel

The exact line which divides negligence from fraud is difficult of adjustment ; but it may be considered as beyond all question that where negligence merits the appellation of *gross* the two words taken together are synonymous with fraud ; and certain it is that the conduct of Lewis and Hemme, which gave rise to this action, was not such that the law will apply to the mild term of excusable error. The fact that they left the matter entirely to Moultrie, who was a lawyer, cannot avail them. They had no right to leave it *all* to counsel. No man can excuse himself for signing an instrument containing a gross error which would be evident upon reading to the commonest understanding, by saying that he received it from the hands of counsel, however learned that counsel may be. It is the duty of every man to read, or cause to be read in his hearing, any document or paper which may be presented for his signature, and a failure to comply with this requirement, both of law and common sense, renders him guilty of gross negligence ; and if another be injured by his negligent act, *of fraud.*

RHODES, C. J., delivered the opinion of the Court, WALLACE, J., TEMPLE, J., and SPRAGUE, J., concurring.

Lewis was the owner of one undivided eighth of that portion of the rancho Rinconada del Arroyo de San Francis-

quito, of which the grantee of the rancho died seized, amounting to about two thousand two hundred and five acres. That interest was acquired by him from Soto, one of the heirs of the grantee. At the same time, the wife of Lewis owned (or it was so understood by her and her husband) an undivided interest in the rancho, amounting to twenty-five acres. Lewis contracted to convey the interest which he acquired from Soto to Mercier, the plaintiff; and, about the same time, he agreed to convey to Hemme, one of the defendants, the interest held by Mrs. Lewis. This interest, it was understood, was held for Mrs. Lewis by Moultrie, the attorney for Lewis. Lewis and Hemme applied to Moultrie, and requested him to convey to Hemme the undivided twenty-five acres; but they were informed by Moultrie that he had conveyed the same to Mrs. Lewis. It was thereupon arranged, at the suggestion of Moultrie, that Lewis should convey to Hemme the undivided eighth of the Soto interest, and that Lewis and wife should unite in a deed to Mercier, by which they should convey to him all their remaining interests in the rancho. By reason of certain facts, not necessary to be mentioned, they were unable to ascertain, at that time, the extent of the Soto interest; but it was thought that there would be no material difference between the one eighth of it and the interest claimed by Mrs. Lewis. The deed of Lewis to Hemme was then drawn by Moultrie, and by mistake it was so drawn that it conveyed to Hemme the whole instead of the eighth of the Soto interest.

The deed to Hemme and that to Mercier were executed on the same day, but that to Hemme was first executed and recorded. Hemme knew of the arrangement between Lewis and Mercier, but Mercier had no actual notice of the purchase of Hemme, until a short time before the commencement of this action. Hemme, about a year after his purchase, conveyed to Seaton whatever interest he (Hemme) acquired by his deed from Lewis.

The plaintiff alleges that the deed of Lewis to Hemme was without consideration, "and was made with full knowledge by all parties thereto of the purchase made by plaintiff, and in anticipation of the conveyance to him, and for the

express purpose of defrauding him ;" that Seaton purchased with full notice of the rights and equities of the plaintiff; and that the respective deeds to Hemme and Seaton are clouds upon the plaintiff's title.

All the defendants deny the alleged fraud. On the trial, the plaintiff having failed to prove the fraud, Hemme and Lewis offered to prove the mistake in the deed to Hemme ; and, objection being made by the other defendants (the heirs and legal representatives of Seaton), on the ground that no mistake was averred, the Court, of its own motion, ordered that Lewis and Hemme have leave to file " an additional answer in the nature of a cross bill against the defendants, Seatons, setting up said alleged mistake." They accordingly filed their cross bill, alleging said mistake, and the Seatons interposed a demurrer thereto on the ground that it did not state facts sufficient to constitute a cause of action against them. The demurrer was overruled, and the Seatons having answered the cross bill, and the cause having been heard, the Court found the alleged mistake, and rendered judgment for the plaintiff, that the Seatons are seized of seven eighths of the Soto interest in trust for the plaintiff, and ordered that they convey the same to him.

It is apparent that the judgment is erroneous. The plaintiff's allegation of actual fraud is not sustained by proof of the mistake. It is insisted by the plaintiff that the mistake amounts to constructive fraud; but that is not true as a legal proposition, and, if it were true, he has not stated a case of constructive fraud. Lewis and Hemme, in their cross bill, averred the mistake, but they did not recover judgment, nor were they entitled to judgment, for neither of them had any interest in the property during the pendency of the action. The plaintiff cannot rely on the cross bill as stating a cause of action in his behalf, for the obvious reason that a party who seeks relief must himself state the facts upon which he relies for relief.

Judgment reversed and cause remanded, with direction to sustain the demurrer to the cross bill, with leave to plaintiff to amend his complaint.

By CROCKETT, J. : I dissent.